IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO CUARA RODRIGUEZ,<br><br>Plaintiff,<br>v.<br><br>ZIONS BANCORPORATION, WELLS FARGO BANK, SELENE FINANCE, COTTONWOOD TITLE and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>Case No. 2:23-cv-00451<br><br>District Court Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

On July 14, 2023, the court granted Plaintiff Constantino Cuara Rodriguez's ("Plaintiff" or "Mr. Rodriguez") motion for leave to proceed in forma pauperis and Plaintiff's complaint against Defendants Zions Bankcorporation, Wells Fargo Bank, Selene Finance, Cottonwood Title and the Consumer Financial Protection Bureau (collectively "Defendants") was placed on the court docket.[1]

Because Mr. Rodriguez proceeds in forma pauperis, the court reviews the sufficiency of the pleading under the authority of 28 U.S.C. § 1915.[2] For the reasons set forth herein, the court finds the complaint deficient but allows Mr. Rodriguez to file an amended complaint to correct these deficiencies by **September 18, 2023.**

---

[1] ECF No. 4, Order Granting Leave to Proceed In Forma Pauperis; ECF No. 5, Complaint.

[2] 28 U.S.C. § 1915(e).

**STANDARD OF REVIEW**

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] When determining whether to dismiss for failure to state a claim, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[6]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8]

---

[3] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[4] *Id.* at 327.

[5] *Id.*

[6] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6).

[7] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[8] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

As a pro se litigant, the Court construes Plaintiff's complaint liberally and holds Mr. Rodriguez's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[9] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[10] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] It "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[12] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[13]

## DISCUSSION

### I.   The Complaint Fails To State A Claim Upon Which Relief May Be Granted.

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

---

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[11] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 at 1110.

[13] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic* 550 U.S. at 570)).

[15] *Id.*

Upon review, Plaintiff's complaint lacks coherent factual allegations and fails to state a plausible claim for relief. Although Mr. Rodriguez's civil case cover sheet indicates he is bringing his action under 42 U.S.C. §§ 1983, 1985, Plaintiff fails to allege facts sufficient to support a claim under either statute.[16] Specifically, he fails to allege a "deprivation of a federal right by . . . a person acting under color of state law" as required to state a claim under section 1983,[17] or allege any conspiracy to interfere with civil rights under section 1985.[18] In the body of the complaint, Plaintiff asserts ownership over "all trademarks heredetary [sic] of United States of America and global network"[19] and references claims for "major fraud against the United States of America," "fraud of computers," "pyramid scheme promotional scheme," "securities and commodities fraud," "insurance fraud" and RICO charges.[20] Plaintiff's claims, however, are unintelligible and fail to support any cognizable claims for relief. Thus, because the complaint fails to provide any factual content that allows the court to reasonably infer that the Defendants are liable for any misconduct, it is subject to dismissal.[21] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[22]

---

[16] ECF No. 5-2.

[17] *Watson v. Kan. City,* 857 F.2d 690, 694 (10th Cir. 1988).

[18] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell,* 898 F. Supp. 2d 1240, 1247 (D. N. M. 2012).

[19] *Id.* at 5.

[20] ECF No. 5 at 4.

[21] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[22] *Kay,* 500 F.3d at 1217 (internal quotation marks omitted).

## CONCLUSION

The court ORDERS as follows:

1. Mr. Rodriguez may file an amended complaint by **September 18, 2023.** The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Rodriguez is advised that an amended complaint will completely replace all prior versions of the complaint and claims which are not realleged in the amended pleading will be deemed abandoned.[23]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's July 14, 2023, order[24] remains in place.

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 28 August 2023.

Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

---

[23] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

[24] ECF No. 4.